UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                                                   CASE NO.: 23-70668-ast

Dolores DiGiulio
Aka Dolores J DiGiulio,                                **CHAPTER 7**

                                      Debtor(s).
-----------------------------------------------------------X

      PLEASE TAKE NOTICE that upon the annexed affirmation of the Richard F. Artura, Esq., on behalf of debtor, Dolores DiGiulio, will move before the Honorable Alan S Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court, at 290 Federal Plaza, Room 960, Central Islip, New York on the 23rd day of May 2023 at 10:30 am for an Order to Redeem debtor's 2011 Hyundai Tucson and for such other and further relief as this Court deems just and proper.

      Any hearing on the attached application will be held remotely, by telephone or video conference. No in-person hearing will be held in the Courthouse on the date set forth above.

      Any party appearing must register <u>at least two (2) business days in advance</u> through eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. <u>Only parties registered in advance will receive login instructions.</u> Additional information is provided in the Chief Judge's procedures at https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

      Responsive papers shall be filed with the bankruptcy court and served upon the undersigned no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York, and indicate the entity submitting the response, the nature of the response and the basis of the response.

Dated: May 1, 2023
       Lindenhurst, New York

                                                <u>S/Richard F. Artura, Esq.</u>
                                                Richard F. Artura, Esq.
                                                Phillips, Artura, Cox, Esqs.
                                                Attorneys for Chapter 7 Debtor
                                                165 South Wellwood Avenue
                                                Lindenhurst, NY 11757
                                                (631) 226-2100
                                                bankruptcy@pwqlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                    CASE NO.: 23-70668-ast

Dolores DiGiulio
Aka Dolores J DiGiulio,                           **CHAPTER 7**

                                      Debtor(s).
-----------------------------------------------------------X

## AFFIRMATION IN SUPPORT

      Richard F. Artura, Esq., an attorney admitted to practice affirms under penalty of perjury:

      1. I am a member of the firm of Phillips, Artura & Cox, attorneys for the Chapter 7 debtors herein.

      2. Pursuant to 11 U.S.C. §722, a debtor may, "...redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of the title or has been abandoned under section 554 of the title, U.S.C. §722.

      3. The item to be redeemed is tangible personal property intended primarily for personal, family, or household use, and is more particularly described as 2011 Hyundai Tucson.

      4. The interest of the Debtor in such property is exempt and the debt which is secured by said property over the allowed secured claim of the Creditor is a dischargeable consumer debt.

      5. Debtor has elected to exempt the vehicle under 11 U.S.C. §552(d)(2).

      6. 11 U.S.C. §722 allows a debtor to redeem personal property by paying the holder of a secured lien the amount of the "allowed secured claim" in one lump sum. Under section 11 U.S.C. §506(a) of the Bankruptcy Code, Congress has set the valuation standard for redemption of a vehicle as equal to the "price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."

7. To determine the value of a vehicle for purposes of redemption, Court routinely use industry guides as appropriate evidence of valuation. <u>In re Thayer</u>, 98 B.R. 748 (W.D.V.A. 1989). As evidence of the value of the vehicle, debtor offers an online printout from KBB of a 2011 Hyundai Tucson trade-in value as best evidence of the redemption value of the vehicle showing a value of $2,661. See Exhibit "A".

8. Arrangements have been made by the Debtor(s) to pay OneMain Financial Group, LLC for the account ending in #0668 immediately and in one lump sum. OneMain Financial Group, LLC is owed $19,056.52 for a secured loan on her 2011 Hyundai Tucson.

9. The 2011 Hyundai Tucson is of inconsequential value or benefit to the estate.

WHEREFORE, debtor respectfully requests this Honorable Court enter an order:

A. Requiring OneMain Financial Group, LLC to accept from Debtor the lump sum payment of $2,661, the redemption value, and:

B. Requiring OneMain Financial Group, LLC to release its lien of record on the 2011 Hyundai Tucson; and:

C. For such other and further relief as this Court deems just and proper.

Dated; May 1, 2023
Lindenhurst, New York

<u>S/Richard F. Artura, Esq.</u>
Richard F. Artura, Esq.
Phillips, Artura & Cox
Attorneys for Debtor
165 South Wellwood Avenue
Lindenhurst, NY 11757
(631) 226-2100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                                                                 CASE NO.: 23-70668-ast

Dolores DiGiulio
Aka Dolores J DiGiulio,                                          **CHAPTER 7**

                                                        Debtor(s).
----------------------------------------------------------X

## ORDER OF REDEMPTION OF DEBTOR'S PROPERTY

UPON the motion (the "Motion") of Dolores DiGiulio, for entry of an order pursuant to 11 U.S.C. § 722, for redemption of Debtor's 2011 Hyundai Tucson (the "Property"); and it appearing that notice of the Motion was good and sufficient [and any opposition having been [overruled] or [withdrawn]]; and after due deliberation and sufficient cause appearing therefor; it is hereby held that;

1. The tangible personal property described below is intended primarily for personal, family or household use of the debtor(s):

    Year   2011        Make  Hyundai        Model  Tucson

2. The debt owing to OneMain Financial Group, LLC ("the Creditor) is a dischargeable consumer debt and the Debtor's interest in such property is exempt.

3. The value of the secured claim of the Creditor for redemption purposes is the "redemption amount" of $2,661.

IT IS HEREBY ORDERED,

1. That pursuant to 11 U.S.C. §722, the Motion is granted.

2. That the Debtor may redeem the subject property by paying to the Creditor, OneMain Financial Group, LLC on or before the thirtieth (30th) day following entry of this Order the redemption amount.

3. Upon timely receipt of such payment, Creditor, OneMain Financial Group, LLC is ordered to cancel its lien of record and surrender the certificate of title in accord with the Debtor's instruction.

4. In the event of failure of the Creditor to so cancel its lien within three (3) days after payment of the aforesaid lump sum payment pursuant to the entry of this Order, then this Order shall serve as an authorization for the said lien as well as cancellation of all liens subordinate to senior lienholder to be canceled, and it is Order that the applicable County Clerk's Office shall cancel same of record.

5. In the event of the failure of the Debtor to pay the redemption amount within such time frame, the automatic stay shall immediately terminate.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re

                                        **CHAPTER 7**

Dolores DiGiulio
Aka Dolores J DiGiulio,            **Case No.:** 23-70668-ast

                          Debtor(s).

---

*NOTICE OF MOTION*

---

**PHILLIPS, ARTURA & COX**
**Attorneys for Debtor(s)**
**165 South Wellwood Avenue**
**Lindenhurst, NY 11757**

---

Service of a copy of the within is hereby admitted.
Dated:_____Moti
Attorney(s) for

---

**SIR:  PLEASE TAKE NOTICE**
**[ ] NOTICE OF ENTRY:** that the within is a (certified) true copy of a      duly entered in the office of the clerk of the within named court on

**[ ] NOTICE OF SETTLEMENT:** that an order      of which the within is a true copy will be presented for settlement to the HON.      one of the judges of the within court, at      on      at


**Dated:**                                    Yours, etc.,


**TO:**                                        **BY: Richard F. Artura, Esq.**
                                             **Phillips, Artura & Cox**
                                             **165 South Wellwood Avenue**
**Attorney(s) for:**                     **Lindenhurst, NY 11757**
                                             **(631) 226-2100**